# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **NEKE CHITWOOD,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No.: |
| **REGIONS BANK,** | ) **JURY DEMANDED** |
| **Defendant.** | ) |

## COMPLAINT

1. The Plaintiff, Ms. Neke Chitwood ("Ms. Chitwood" or "Plaintiff"), seeks damages and equitable relief from her past employer, Regions Bank ("Regions" or "Defendant"), for violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 – 634, ("ADEA").

## JURISDICTION AND VENUE

2. The Plaintiff invokes this Court's federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the ADEA, 29 U.S.C. § 626(c)(1).

3. Regions operates in Birmingham, Alabama, in the Northern District of Alabama; therefore, Venue lies within the Northern District of Alabama, pursuant to 28 U.S.C. § 1391(b)(1).

## PROCEDURAL REQUIREMENTS

4. On November 8, 2016, Plaintiff filed a charge of discrimination (Charge No. 420-2017-00383) with the United States Equal Employment Opportunity Commission ("EEOC") (See attached Exhibit "A"). Such charge was filed within 180 days after Plaintiff learned of one or more of the unlawful employment practices committed against her by Defendants which violated the ADEA.

5. Prior to initiating this action, Plaintiff exhausted all conditions precedent to suit established by the ADEA, to wit:

    a. Plaintiff's Charge of Age Discrimination was pending with the EEOC for over sixty (60) days. 29 U.S.C. § 626(d)(1); and

    b. On or about March 1, 2017, the EEOC mailed to Plaintiff a Notice of Right to Sue ("Right to Sue Notice"); and

    c. The Right to Sue Notice was received by Plaintiff on Monday, March 6, 2017. (See attached Exhibit "B").

## PARTIES

6. Ms. Chitwood is a citizen of the United States of America. She is fifty-four (54) years' old, and she is a resident of Etowah County, Alabama.

7. Regions was Plaintiff's employer during all times relevant to this cause of action, and has a principal address located in Birmingham, Alabama.

8. Regions does business in the state of Alabama and it is an "employer" within the meaning of the ADEA, in that it engages in an industry affecting commerce, 29 U.S.C. § 203(s)(1), and has employed more than twenty (20) persons for each working day in each of twenty (20) or more calendar weeks in the current or preceding year, 29 U.S.C. § 630(b).

9. The actions that are the basis of this Complaint occurred at one of Defendant's locations in Alabama.

## **FACTS**

10. Plaintiff is a member of a protected class within the meaning of the ADEA.

11. Plaintiff began her employment with Defendant as a Branch Manager in or around March 18, 2002.

12. Plaintiff became a Branch Team Leader in or around July 2015.

13. Plaintiff worked primarily at Defendant's Albertville, Alabama, branch.

14. Plaintiff was terminated by Defendant on or about September 19, 2016, for supposed policy and procedure violations.

15. April Ames ("Ms. Ames"), Defendant's Human Resources representative, advised Plaintiff that she was being terminated for policy violations dating back as far as February of 2016.

16. Regions was aware of the alleged company violations and investigated them at the time of their occurrence.

17. None of the investigations resulted in a finding of wrongdoing by Plaintiff at the time.

18. As stated above, however, Regions later terminated Plaintiff, citing the violations as basis for the termination.

19. Plaintiff filed the above referenced EEOC Charge as a result of being terminated for the alleged policy violations because she was in fact terminated because of her age.

20. Regions alleged that Plaintiff instructed other employees to have a document notarized by a customer, without the customer present.

21. Regions further alleged that Plaintiff became angry or upset when an employee advised Plaintiff that notarization would require the customer be present at the time of notarization.

22. Upon information and belief, Plaintiff violated no such policy, and did not become upset when advised that the customer would have to be present for notarization to occur.

23. Regions was aware of the same when it made said allegations against Plaintiff before and after Plaintiff filed the subject EEOC Charge.

24. Regions also alleged that Plaintiff instructed a customer to sign his deceased father's name to a signature card when adding another person to an account that the customer and his father owned.

25. Upon information and belief, Plaintiff made no such instruction.

26. Regions was aware of the same when it made said allegations against Plaintiff before and after Plaintiff filed the subject EEOC Charge

27. Prior to termination, Plaintiff did not receive any verbal or written reprimands, or any other discipline, for any reason.

28. Plaintiff is aware of at least three (3) other former Regions employees over the age of forty (40) whom Defendant terminated under similarly dubious circumstances.

## COUNT ONE – AGE DISCRIMINATION

29. The Plaintiff re-alleges and incorporates by reference paragraphs one (1) through twenty-eight (28) above with the same force and effect as if fully set out in specific detail herein below. This Count addresses those claims seeking to redress the unlawful employment practice of Age Discrimination conducted by Defendant and its agents, and from which federal law provide Plaintiff protection.

30. Plaintiff, who is currently fifty-four (54) years of age, is a member of a protected group.

31.    Defendant subjected Plaintiff to an adverse employment action by terminating her employment. This action occurred when Plaintiff was fifty-three (53) years of age.

32.    Younger employees with less experience and seniority were not treated in a discriminatory manner, and at all times, were treated more favorably than Plaintiff and other members of the protected group with respect to the terms and conditions of employment with Defendant.

33.    As is evidenced by the fact that Plaintiff had been employed by Regions over the course of approximately fourteen (14) years in management at the time of her termination, she was qualified to do the job of Branch Team Leader.

34.    As is further evidenced by the fact that Regions terminated at least five (5) other similarly aged individuals, the adverse employment actions to which Defendant subjected Plaintiff were taken because of Plaintiff's age.

35.    As a proximate result of Regions' unlawful intentional discrimination, Plaintiff suffered different terms and conditions of employment than her younger co-workers.

36.    Such unlawful employment practices proximately caused Plaintiff to suffer severe emotional distress, physical injury and pain, mental anguish, embarrassment, humiliation, shame, trauma, financial duress, wage and benefit loss, and financial loss for which she claims damages.

37. The Plaintiff seeks declaratory and injunctive relief, award of lost employment benefits and wages, back pay, front pay, interest, liquidated damages, costs, attorneys' fees, and any and all such other relief the trier of fact may assess.

**WHEREFORE**, Plaintiff respectfully requests this Court grant to Plaintiff the following:

A. A permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging further in its discriminatory treatment on the basis of age;

B. An Order that Defendant institute and carry out policies, practices, and programs which provide equal provisions and employment opportunities for all employees, and which eradicate the effects of its past and present unlawful employment practices;

C. Damages for mental and emotional distress in an amount determined by a jury;

D. Back pay for lost income and any other compensatory damages;

E. Front pay if the Court finds reinstatement to be impracticable;

F. Punitive damages in an amount to be determined by a jury;

G. Medical expenses, if any;

H. A reasonable attorneys' fee;

I. Plaintiff's costs and expenses; and

J. Nominal damages.

Any other relief the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial struck by jury herein.

>Respectfully submitted,
>
>*/s/ Joshua A. Wrady*
>Joshua A. Wrady (ASB-9617-J68W)
>Anthony D. Michel (ASB-6809-O64M)
>*Attorneys for Plaintiff*

**WRADY & MICHEL, LLC**
505 20th Street North, Suite 1650
Birmingham, Alabama 35203
Telephone:  (205) 980-5700
Facsimile:  (205) 994-2819

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Regions Bank
c/o Stacey McDuffa Turner
Assistant General Counsel
1900 Fifth Avenue North
22nd Floor
Birmingham, Alabama 35203